The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, AR 72076
Dear Senator Gwatney:
This is in response to your request for an opinion, on behalf of the Sylvan Hills Fire Department, regarding the following two questions:
 1. Can the Sylvan Hills Volunteer Fire Department (Fire Protection District No. 6) unilaterally decline to renew its mutual aid agreement with the Sherwood Volunteer Fire Department without jeopardizing any of its sources of revenue such as, but not limited to, tax assessments, state turnback funds, and insurance premium tax rebates?
 2. Can a regularly scheduled meeting of the Board of Directors of the Sylvan Hills Volunteer Fire Department exclude from attendance members of the Sherwood Fire Department for that portion of the meeting which is dedicated to a discussion of a lawsuit against the Sherwood Fire Department.
Because your first question requires a review of the "mutual aid agreement" and factual determinations, I suggest that you seek the advice of local counsel regarding this issue. It is, however, my opinion that the board of directors of the Sylvan Hills Volunteer Fire Department cannot exclude anyone from attending a meeting, or part of a meeting, held to discuss a lawsuit against the Sherwood Fire Department.
Although a definitive resolution of your first question will require the determination of factual issues which this office is neither equipped nor empowered to undertake, I will briefly discuss the relevant statutes that you referred to in your letter. I assume that the Sylvan Hills Volunteer Fire Department (Fire Protection District No. 6) was formed pursuant to A.C.A. §§ 14-284-101 et. seq. See Op. Att'y Gen. No. 94-122. Arkansas Code Annotated §§ 14-284-401—411 (Supp. 1995) establishes the procedure for the distribution of insurance premium taxes to fire protection entities. See
Op. Att'y Gen. No. 92-297 (copy attached). Arkansas Code Annotated §14-284-406(b) provides:
 No municipality shall receive funds under this subchapter unless it is willing to provide fire protection through mutual aid agreements in areas within five (5) miles of its corporate limits. Such municipalities shall not be required to respond when, in the opinion of proper municipal authorities, municipal property or fire classification rating would be jeopardized.
It is my opinion that the foregoing statute applies only to a "municipality." Op. Att'y Gen. No. 92-297. In Opinion No. 92-297, this office opined that the above statute requires a city fire department to enter into mutual aid agreements to provide service within five miles of its corporate limits if it wishes to receive a distribution of insurance premium taxes.[1] It is, however, my understanding from the facts set forth in your request that the Sylvan Hills Volunteer Fire Department is a fire protection district rather than a municipal fire department. Consequently, it does not appear that the statute would be applicable
In your letter, you also specifically refer to A.C.A. § 14-284-225
(Supp. 1995). Sections 14-284-201 et. seq. generally address fire protection districts that cover territory outside the corporate limits of cities and towns. A.C.A. § 14-284-201(a)(1) (1987).[2] Section14-284-225, entitled "Assessment — When annexed into a municipality," provides in part that property located within a municipality may no longer be assessed, taxed, or required to pay fees to a fire protection district unless there is a "mutual, formal agreement" between the municipality and the fire protection district to provide fire protection services to the property. It is my opinion that § 14-284-225 refers to property that was formerly outside the city limits of a municipality and, by annexation, is now located within the bounds of the municipality. Consequently, the above statute would be applicable only to property annexed into a municipality. Further, even if the statute is applicable, the question of whether the agreement referred to in your letter is a "mutual, formal agreement" as contemplated by § 14-284-225 will require construction and interpretation of the agreement.[3]
It does not appear that there are any other relevant state statutes applicable to your question. I cannot in the context of an Attorney General opinion examine every possible source of revenue the Department might stand to lose by terminating its "mutual aid agreement." Because of the absence of Arkansas statutory law and the factual nature of the issues, I suggest that local counsel be consulted for analysis based upon the Sylvan Hills Volunteer Fire Department's particular facts and circumstances.
With regard to your second question, the issue is whether a discussion of a lawsuit constitutes an exception to the public meeting requirements of the Arkansas Freedom of Information Act (FOIA), A.C.A. §§ 25-19-101—107 (Repl. 1992 Supp. 1995). Arkansas Code Annotated § 25-19-106 (Repl. 1992) provides in part:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings. . . .
 (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee. . . .
 (3) Executive sessions must never be called for the purpose of defeating the reason or the spirit of this chapter.
Arkansas Code Annotated § 25-19-103 (Repl. 1992) defines "public meetings":
 "Public meetings" means the meetings of any bureau, commission, or agency of the state, or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds.
Initially, it is my opinion that the meetings of the board of directors of the Sylvan Hills Volunteer Fire Department are subject to the requirements of the FOIA. See Op. Att'y Gen. No. 92-312 (meetings of suburban improvement districts are subject to the FOIA). It is my understanding from your letter that the Sylvan Hills Volunteer Fire Department is an organization "supported wholly or in part by public funds" and it is engaged in the "expending [of] public funds." A.C.A. §25-19-103. In addition, the services provided by the Sylvan Hills Volunteer Fire Department are obviously of public concern and intertwined with the activities of government. See J. Watkins, The Arkansas Freedomof Information Act 35-43 (2d ed. 1994); see also Op. Att'y Gen. Nos.96-185 and 93-154.
It is also my opinion that meetings held for the purpose of discussing a lawsuit are not exempted from the public meeting requirements of the FOIA. See Op. Att'y Gen. Nos. 87-420 and 95-360. In Opinion No. 87-420, a copy of which is attached, this office opined that there was no exception to the FOIA for meetings with legal counsel for the purpose of discussing ongoing litigation. Similarly, in Opinion No. 95-360, a copy of which is attached, this office opined that the FOIA does not permit a school board to conduct a closed meeting to confer with its attorneys regarding pending litigation. In short, the FOIA provides that, except as otherwisespecifically provided by law, all meetings shall be public meetings. There is no specific law that permits a closed meeting for the purpose of discussing a lawsuit.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] This office also opined that a municipality is not required to provide this service if the proper municipal authorities believe that municipal property or fire classification would be endangered. Op. Att'y Gen. No. 92-297.
[2] If a city or town within the district does not have an organized or volunteer fire department, the area covered by the fire protection district may be extended to provide fire protection within the city upon the adoption of ordinances by the governing body of the city or town and the quorum court. A.C.A. § 14-284-201(a)(2).
[3] It should be noted that I have not been provided a copy of the "mutual aid agreement" referred to in your letter. Nevertheless, the construction and interpretation of agreements is not ordinarily within the scope of an opinion of this office, which lacks the resources to undertake a factual review of the terms of specific contracts. See Op. Att'y Gen. No. 96-053.